THOMAS VAN NEST'S executor

*v.*

THOMAS VAN NEST et al.

In case a testator gives $1,300 to his executor, and directs him to pay the interest thereof to his brother Thomas for life, and at the death of his brother Thomas to pay $500 thereof to a son of Thomas, also named Thomas, and the balance amongst the other children of his brother, and a portion of the $1,300 is required to pay debts, the $500 abates equally with the balance.

On bill for the construction of the last will of Thomas Van Nest, deceased.

*Mr. H. A. Fluck,* for complainant.

BIRD, V. C.

Thomas Van Nest in his last will provided as follows :

"I give to my executor, in trust, thirteen hundred dollars, for the use and benefit of my brother, Peter Van Nest, he to have the interest thereof, less the tax, during his natural life, and at his death I give and bequeath five hundred dollars of the same to his son Thomas, his heirs and assigns, and the remaining eight hundred dollars to be equally divided between the rest of his children, their heirs or assigns."

There being a deficiency of assets to pay debts without a portion of the $1,300, which was taken for that purpose, Thomas the nephew, who is now entitled to his legacy by the death of his father, demands the $500 in full, and insists that the entire loss through the deficiency of assets to pay debts ought to be borne by those entitled to the $800. This contention cannot prevail, either in reason or authority. In reason, those entitled to the $800 are precisely on the same footing as Thomas, who is entitled to the $500. It is in all respects as though the testator had said, "I give to all my nephews and nieces, children of Peter Van Nest, $800, and to my nephew Thomas the remain-

Van Nest v. Van Nest.

ing $500." It is not the payment of a residue or surplus in the ordinary sense of those terms. The whole amount was certain and specific, and was just as certainly and specifically given as was the $500.

And authority is abundant and satisfactory. In *Page* v. *Leapingwell, 18 Ves. 463*, the testator devised land upon trust to sell, but not for less than £10,000, and gave legacies thereout amounting to £7,800, and the "overplus money" to A and B. The estate sold for less than £7,000 ; Sir W. Grant, M. R., held that the other legatees ought to abate equally with A and B, being of opinion that the inference to be drawn from the language of the will was that the testator did not mean by the word "overplus" what it usually imports—that is, whatever that overplus shall chance to be—but that he was contemplating a *certain overplus,* and was making his disposition accordingly. He said, "I conceive the true intention to have been that those persons should take as specific legatees, and therefore they must abate among themselves." Ever since, this decision has not only been regarded as a leading case in England, but has been approved. *Wright* v. *Weston, 26 Beav. 429; Duncan* v. *Duncan, 27 Beav. 386; Haslewood* v. *Green, 28 Beav. 1; Elwes* v. *Causton, 30 Beav. 554; In re Jefferey's Trust, L. R. (2 Eq.) 68; Walpole* v. *Apthorp, L. R. (4 Eq.) 37; Miller* v. *Huddlestone, L. R. (6 Eq.) 65.*

I will advise a decree in accordance with these views.

The complainant says he was willing to settle with Thomas on this basis, but that Thomas claimed the $500, and therefore Thomas should bear the burden of this suit. Not so in my judgment, for if complainant was so clear as to the true construction, it was not necessary for him to come into court. Had Thomas moved, after a tender of the just proportion, a different result might have been reached as to costs. Let the costs be deducted before any distribution ; then distribute the balance on the above principles. A counsel fee of $50 should be paid out of the fund before distribution.